Trespass. — Quare clausum fregit, in part of lot, No. 9, in the town of Nashville, setting forth the abuttals and title.
It was contended by the plaintiff's counsel that it was not necessary, in order to maintain trespass, that the plaintiff should show title; bare possession is sufficient. That tenants at sufferance or will might maintain trespass against a stranger, but a mere trespasser cannot maintain that action for an injury to the freehold.[1]
The defendant deduced his title by regular conveyances from the commissioners of the town for thirty feet of the lot No. 9, and as to the boundaries of the part purchased relied upon a survey made of the town, in pursuance of the Act of March, 1796, c. 29, for the purpose of quieting disputes.
An act passed November the 10th, 1801, c. 76.
The plaintiff attempted to prove the abuttals of lot No. 9 by a survey made by Thomas Molloy, in conformity to one originally made by himself, but failing in proving the bounds of this lot by that survey, though the beginning of the town, and the bounds of a few other lots were proved, from which bounds of other lots it was argued that the bounds of this could be and were ascertained lately.
The defendant proved that he conformed to the bounds made under the Act of Assembly.
[1] 6 Bac. 566; Esp. N. P. 405; Plow. 540; 6 Bac. 567; Cites 3 Burr. 1824.
The survey under the Act of 1796 ought to govern, for it evidently appears that *Page 200 
when that act was made there was not a lot in town the boundaries of which could be ascertained.
The act was made upon the petition of the inhabitants of the town, and is similar to a bill of peace in chancery. The commissioners who ascertained the bounds upon the resurvey were nominated by the inhabitants Their proceedings, in a great degree, partake of the nature of judicial acts great injury will arise if this resurvey is disputed.
Verdict for the defendant.